# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

No. 18-20498
Summary Calendar

EDDIE LEWIS CARTER,

Plaintiff-Appellant

v.

BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-344

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Eddie Lewis Carter, Texas prisoner # 443810, moved in the district court for injunctive relief as to a prison grooming policy implemented by the Texas Department of Criminal Justice (TDCJ). He contended that the policy, which required offenders to be clean shaven once a year for an identification picture, infringed on his freedom to practice his religion (i.e., Islam). The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20498

entered an order denying injunctive relief and, subsequently, ordered that the lawsuit – which putatively arose under 42 U.S.C. § 1983 – be dismissed after Carter failed to pay the filing fee or request leave to proceed in forma pauperis (IFP).  He later sought an emergency preliminary injunction in which he noted, inter alia, that he was being threatened with potential discipline if he did not shave his beard.  The district court denied the motion.

The record reflects that Carter did not file a timely notice of appeal from the denial of his motion for injunctive relief.  While he appealed within the 30-day period to seek an extension of time due to excusable neglect or good cause, *see* FED. R. APP. P. 4(a)(5)(A), we have not treated his notice of appeal as such a request because he did not give an explanation for his late filing in connection with his appeal, *see Henry v. Estelle*, 688 F.2d 407, 407 (5th Cir. 1982).  Thus, the denial of his motion for injunctive relief is not before this court.  However, Carter timely appealed from the order of dismissal and the denial of his motion for an emergency preliminary injunction.  Accordingly, those dispositions are before this court.

Carter disputes the finding that he was not entitled to injunctive relief regarding the policy requiring offenders to shave their beards each year for an identification picture.  However, the most recent version of the policy, effective December 1, 2017, has removed the annual shaving requirement.  This policy modification – which Carter does not dispute or acknowledge – effectively realized the relief that he sought.  Carter has not argued that the TDCJ altered the policy as a pretense for continuing to engage in possible unlawful conduct, asserted that the TDCJ is not following the changes to the policy, or overcome the solicitude afforded the TDCJ's change to its policy.  *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014).  Also, there is no indication that the duration of

No. 18-20498

any possible future claim as to enforcement of the policy would be too short to be fully litigated or that, in light of the revision, Carter could be subject to the same official action again. *See Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). His demand for injunctive relief is moot. *See Demoss v. Cain*, 636 F.3d 145, 150 (5th Cir. 2011); *Stauffer*, 741 F.3d at 581-83 & n.6; *Sossamon*, 560 F.3d at 325.

If the instant appeal is construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Carter disputes the procedural dismissal of his suit for failing to pay the filing fee or obtaining leave to proceed IFP. However, his challenge to the dismissal implicates his desire to have the prison policy stopped. Carter argues that the dismissal restricted his ability to show that the policy no longer should be enforced and that he was entitled to offer evidence as to whether the policy should be enjoined. Because the policy has been modified to remove the challenged provision, the ultimate remedy that Carter seeks has been realized, i.e., resumption of the lawsuit would not enable Carter to obtain further relief because the TDCJ's removal of the challenged policy has resolved the dispute underlying the lawsuit. *See Sossamon*, 560 F.3d at 324 & n.10; *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). Accordingly, his challenge to the dismissal also is effectively moot.

Given the foregoing, the appeal should be dismissed as moot. In light of this disposition, Carter's motions for a preliminary injunction, certification of a class to contest the policy, and the appointment of counsel are denied.

DISMISSED AS MOOT; MOTIONS DENIED.